UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


LANCE W. URGA

VERSUS

LIBERTY MUTUAL INSURANCE COMPANY,
ET AL

CIVIL ACTION

NUMBER 10-218-BAJ-SCR

### RULING ON MOTION FOR RECONSIDERATION
### and
### AMENDED SCHEDULING ORDER

Before the court is the Joint Unopposed Motion for Reconsideration of Unopposed Motion for Extension of Pretrial Deadlines filed June 13, 2011. Record document number 20. Because the motion was filed within 28 days of the ruling as to which reconsideration is sought, it will be treated as a Rule 59, Fed.R.Civ.P., motion for a new trial.[1]

The Scheduling Order clearly advised the parties that "[j]oint, agreed or unopposed motions to extend scheduling order deadlines will not be granted automatically. All motions to extend scheduling order deadlines must be supported by facts sufficient to find good cause as required by Rule 16, Fed.R.Civ.P." All of the information presented in this motion should have been included in the earlier motion. Under Rule 59 the court has considerable

---

[1] *Lavespere v. Niagra Machine Tool Works*, 910 F.3d 167 (5th Cir. 1990), *rev'd on other grounds*, 920 F.2d 259 (5th Cir. 1990), *cert. denied*, 510 U.S. 859, 114 S.Ct. 171 (1993). The Ruling on Motion to Extend Scheduling Order Deadlines was issued June 8, 2011. Record document number 19.

discretion to grant a new trial, i.e. in this case, reconsideration of the prior ruling.[2]  Since this motion was promptly filed after the ruling, is a joint motion, contains sufficient information to support granting relief, and the only negative consequence is some additional delay before the case is assigned for the final pretrial conference, in the exercise of the court's discretion reconsideration is granted.

However, these new deadlines will not be extended again based on the inability to locate and depose Dawn Lovelace.  The parties have not shown that any party made a diligent effort to locate and depose her until five months after the fact discovery completion deadline had already expired.  Nor will the expert discovery deadlines be extended again based on the need to take discovery depositions of the plaintiff's treating physicians.[3]  Since they were not required to provide reports pursuant to former Rule 26(a)(2)(B), Fed.R.Civ.P., Rule 26(d)(1) allowed them to be deposed at any time after the parties had their Rule 26(f) conference.[4]

Therefore;

IT IS ORDERED that the scheduling order previously issued is

---

[2] *Id.* 910 F.3d 167, 173-174.

[3] Since these are discovery deadlines, they do not apply to taking trial deposition.

[4] Rule 26 was amended effective December 1, 2010.  The amendment did not change the substance of section (a)(2)(B).

2

hereby amended as follows.[5]

    A.    All fact discovery shall be completed and motions to compel discovery filed by **August 15, 2011**.

    B.    (This deadline has expired.)

    C.    Plaintiff shall disclose the identity of any person who may be used at trial to present evidence under Rules 702, 703 or 705, Fed.R.Evid., by **September 15, 2011**. Defendants shall disclose such persons by **October 14, 2011**.

    D.    Any person who will offer expert testimony for the plaintiff who is required by Rule 26(a)(2)(B), Fed.R.Civ.P., to produce a report shall produce such report by **September 30, 2011**. Defendants shall produce any required expert reports by **October 31, 2011**.

    E.    Expert discovery, including depositions of expert witnesses, shall be completed by **December 15, 2011**.

    F.    Dispositive motions shall be filed by **December 30, 2011**.

The time limits set forth in this order shall not be modified except by leave of court upon a showing of good cause. Joint, agreed or unopposed motions to extend scheduling order deadlines will not be granted automatically. All motions to extend scheduling order deadlines must be supported by facts sufficient to find good cause as required by Rule 16, Fed.R.Civ.P. A second and any subsequent motion to extend the scheduling order deadlines must be supported with detailed information describing the discovery already completed, what necessary discovery remains, the parties efforts to complete the remaining discovery by the deadline, and

---

[5] New dates are in bold type.

3

any additional information showing that the parties have diligently pursued their discovery. Motions for reconsideration by the magistrate judge of rulings granting or denying extensions of scheduling order deadlines will be considered as motions under either Rule 59 or Rule 60, Fed.R.Civ.P., depending on when the motion for reconsideration is filed. *See Lavespere v. Niagra Machine Tool Works*, 910 F.3d 167 (5th Cir. 1990), *rev'd on other grounds*, 920 F.2d 259 (5th Cir. 1990), *cert. denied*, 510 U.S. 859, 114 S.Ct. 171 (1993).

This case will be reviewed in approximately 90 days and assigned for a status conference if necessary.

Baton Rouge, Louisiana, June 14, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE