UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


LANCE W. URGA

                                            CIVIL ACTION

VERSUS

                                            NUMBER 10-218-BAJ-SCR

LIBERTY MUTUAL INSURANCE
COMPANY, ET AL


**RULING ON MOTION TO COMPEL**

      Before the court is a Motion to Compel filed by defendants Jacob Guichet and Liberty Mutual Fire Insurance Company.  Record document number 43.  No opposition has been filed.

      Defendants' motion shows that they served plaintiff Lance W. Urga with a Supplemental Request for Production February 28, 2011 and Interrogatories to Plaintiff and another Request for Production of Documents on July 7, 2011.[1]  Counsel for the defendants sent emails August 8 and 10, 2011 counsel for the plaintiff inquiring about the answers and responses that were due and setting a telephone conference for August 12 to discuss the needed discovery.[2]  According to the defendants, on August 12 the plaintiff's counsel could not be reached, did not thereafter initiate any contact, and did not otherwise make any attempts to resolve the discovery issue.  Given the lack of response and the current scheduling order deadlines, the defendants stated that

---

[1] Record document number 43-1, exhibit A.

[2] Record document number 43-2 and 43-3, exhibits B and C.

there was no other option but to file this motion to compel.

A review of the record shows that despite the communications with counsel for the plaintiff at the beginning of August and the filing of this motion on August 15, the plaintiff still has not provided the defendants with the answers and documents requested. Nor has the plaintiff responded to this motion or otherwise furnished any information indicating when the discovery responses will be provided. Plaintiff's failure to either timely answer or object to the interrogatory and produce responsive documents demonstrates that, under Rule 37(d)(1)(A), Fed.R.Civ.P., the defendants are entitled to an order compelling the plaintiff to respond and imposing sanctions.[3] Plaintiff will be required to answer the interrogatory, produce the responsive documents and execute the medical authorization within 14 days. No objections will be allowed.[4] Rule 37(d)(3) incorporates the sanctions available under Rule 37(b)(2)(A)(I)-(vi). However, other than recovery of its expenses incurred in filing the motion the defendants did not seek additional sanctions.

With regard to the recovery of expenses, under Rule 37(d)(3)

---

[3] Defendants cited Rule 37(a), but Rule 37(d) applies when a party totally fails to serve any responses to a discovery request.

[4] Generally, discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts. *See*, *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir.), *reh'g denied*, 869 F.2d 1487 (5th Cir. 1989); *Godsey v. U.S.*, 133 F.R.D. 111, 113 (S.D. Miss. 1990.)

the court must require the party failing to act, or the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust.[5]   Defendants' motion shows that a good faith attempt was made to obtain the discovery responses without court action.   Nothing in the record indicates that the plaintiff's failure was substantially justified or any circumstances that would make an award of expenses unjust.   Therefore, the defendants are entitled to reasonable expenses under Rule 37(d)(3).   Defendants submitted a statement from counsel requesting attorney's fees for three hours of work in connection with the motion, including one hour for research of the Federal Rules of Civil Procedure.   A review of the motion and memorandum does not reflect that an hour of research was necessary or reasonable for the preparation of the motion.   An award of $250.00 is reasonable.

Accordingly, the Motion to Compel filed by defendants Jacob Guichet and Liberty Mutual Fire Insurance Company is granted. Plaintiff is ordered to serve his answers to interrogatories, produce for inspection and copying all documents responsive to the defendants' requests for production, and execute the medical authorization, without objections, within 14 days.   Pursuant to Rule 37(d)(3), the plaintiff is also ordered to pay to the

---

[5] *See*, Rules 37(d)(1)(B) and (d)(3).

defendants, within 14 days, reasonable expenses in the amount of $250.00.

Baton Rouge, Louisiana, November 2, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE